UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSEPH W. VAN DAM,                      )
                                        )
      Plaintiff                       )
                                        )
v.                                      )        1:22-cv-00414-GZS
                                        )
MAINE STATE PRISON,                     )
                                        )
      Defendant                       )

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff initiates this action pursuant to 42 U.S.C. § 1983 alleging that Defendant miscalculated the good time credit toward his release from incarceration. (Complaint, ECF No. 1.)  Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

After review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**STANDARD OF REVIEW**

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff cannot proceed on a § 1983 civil rights action unless he first successfully challenges the State's sentence calculation, either through state court proceedings or through a federal habeas proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that Congress "determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact *or length of* their confinement, and that specific determination must override the general terms of § 1983" (emphasis added)). *See also*

*Heck v. Humphrey*, 512 U.S. 477, 486 – 87 (1994) (holding that, "in order to recover damages for allegedly unconstitutional … imprisonment, … a § 1983 plaintiff must prove that the … sentence has been … declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").  Plaintiff has not alleged, nor does the record otherwise reflect, that Plaintiff has successfully challenged his sentence or that the validity of the sentence has been called into question in a prior proceeding.  Plaintiff, therefore, cannot prevail on a § 1983 claim for relief.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the matter without prejudice to Plaintiff's right to seek other relief regarding his good time credit.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison

Dated this 3rd day of January, 2023.          U.S. Magistrate Judge